UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES C. MCCORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 2:22-CV-17-DCLC-CRW |
| v. | ) |
| | ) |
| MCMINN COUNTY, STATE OF TENNESSEE, and MCMINN COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff is a prisoner proceeding pro se in this civil rights action under 42 U.S.C. §1983 [Doc. 1] who seeks leave to proceed *in forma pauperis* in this cause [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff *in forma pauperis* status and dismiss Plaintiff's complaint for failure to state a claim upon which § 1983 relief may be granted.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* and supporting documents that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  SCREENING OF COMPLAINT

### A.  Plaintiff's Allegations

Plaintiff was booked into the McMinn County Jail on November 10, 2021, and remained housed there for approximately three-weeks [Doc. 1 p. 4]. Plaintiff was not allowed to make a telephone call or take a shower the first day he was incarcerated, and he did not receive an "indigent kit" for more than twenty-four hours [*Id*.]. The cell where Plaintiff was placed during booking only had a short bench in it, which required Plaintiff to place his mat on the floor [*Id*.].

Plaintiff was moved to a dirty maximum-security cell where he was not given a towel and was only allowed cleaning supplies twice during his approximate three-week stay at the facility [*Id*. at 4-5]. He was not allowed to "make lawyer calls" and did not receive an affidavit of complaint for approximately a week [*Id*. at 4]. Prior to his incarceration, Plaintiff took an allergy pill daily, but he was never placed on allergy medication while he was housed at the McMinn County Jail despite his requests for the medication [*Id*. at 5].

On one occasion, Plaintiff killed a pregnant female brown recluse spider in his cell and informed a correctional officer that the male must be somewhere nearby, but the officer refused to "fetch" Plaintiff any cleaner for over two hours [*Id*. at 5]. When Plaintiff was provided cleaner, he sprayed the cell and eventually killed the male brown recluse, which could have caused him harm had he not killed it [*Id*.].

2

Aggrieved by these conditions, Plaintiff asks the Court to dismiss his pending criminal charges and award him monetary damages against Defendants McMinn County, the McMinn County Jail, and the State of Tennessee [*Id*. at 6].

**B.    Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley*

*v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

    **C.**    **Analysis**

        **1.**    **Improper Defendants**

Although Plaintiff has named the State of Tennessee as a Defendant, a state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Moreover, the doctrine of sovereign immunity prohibits suit against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity or the state has expressly waived it. *See WCI, Inc. v. Ohio Dep't of Public Safety*, 18 F.4th 509, 513-14 (6th Cir. Nov. 17, 2021). The State of Tennessee has not waived its immunity to suit under § 1983 or state tort law. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Burton v. Durnin*, No. 3:11-CV-429, 2012 WL 946747, at *8 (E.D. Tenn. Mar. 20, 2012) (finding that the "[S]tate of Tennessee has not consented to being sued in federal court for tort claims brought under state law"). Therefore, the State of Tennessee will be **DISMISSED** from this action.

Similarly, Plaintiff cannot maintain suit against the McMinn County Jail, as a jail is a building, not a "person" within the meaning of § 1983. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, McMinn County Jail will be **DISMISSED**.

        **2.**    **McMinn County**

McMinn County is a "person" within the meaning of § 1983, but it is well settled law that a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or

4

agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Rather, a local governmental unit may be liable for civil damages in a § 1983 action only when the execution of a governmental policy or the toleration of a custom causes the deprivation of a constitutionally protected right. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691).

Plaintiff's claims that he was subjected to unconstitutional conditions of confinement implicates the Eighth Amendment, which requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).[1] This right is one to "humane conditions of confinement." *Id*. A claim asserting the denial of this right is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" risk to health or safety; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that risk. *Id. at* 834. Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Therefore, to establish liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

---

[1] Publicly available information indicates that Plaintiff was on probation at the time of the alleged offense for which he was arrested and booked into the McMinn County Jail. *See* Tennessee Department of Correction, *Felony Offender Information Search*, https://apps.tn.gov/foil/search.jsp (last visited Feb. 16, 2022). The claims of an inmate imprisoned because of a parole violation are addressed under the same standard applicable to convicted prisoners. *See, e.g., Orange v. Barrick*, No. 6:19-CV-5, 2021 WL 5858587, at *4 (S.D. Ga. Nov. 12, 2021), *report and recommendation adopted*, No. 6:19-CV-5, 2021 WL 5853593 (S.D. Ga. Dec. 9, 2021).

It is well settled that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). As such, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities'" violate a prisoner's rights under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted). Accordingly, in examining such claims, a court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

None of Plaintiff's allegations regarding the conditions of his confinement suggest that he was deprived of "the minimalized civil measure of life's necessities" during his three-week incarceration at the McMinn County Jail. *See Rhodes*, 452 U.S. at 347; *see also Miller v. Palmer*, No. 99-2352, 2000 WL 1478357, at *2 (6th Cir. Sept. 27, 2000) (holding denial of clean linens for a short period of time does not constitute Eighth Amendment violation); *Williams v. Delo*, 49 F.3d 442 (8th Cir. 1995) (holding four-day inmate placement in strip cell without clothes, water, mattress, legal mail, or hygienic supplies did not violate Eighth Amendment). Further, Plaintiff's allegation that staff refused to provide him with allergy medication for two weeks is not the type of medical need that, if denied for a short time, creates a substantial risk of serious harm, and Plaintiff has no constitutional right to unfettered telephone use. *See Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). Additionally, Plaintiff's placement in maximum security (and Defendants' failure to provide Plaintiff with an explanation for such placement) does not raise a constitutional issue. *See McCord v. Maggio*, 910 F.2d 1248, 1250 (1990) (holding prisoner

6

housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances).

Finally, even if the Court were to determine that any of Plaintiff's discrete allegations plausibly stated a § 1983 claim for relief, he has not demonstrated that McMinn County "through its *deliberate* conduct. . . was the 'moving force' behind the injur[ies] alleged." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). Therefore, all claims against McMinn County will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge